UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULLETO ROGERS,

            Plaintiff,

v.

UNITED STATES BANKRUPTCY COURT,

            Defendant.
_____/

Case No. 16-12259

Paul D. Borman
United States District Judge

OPINION AND ORDER:
(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYMENT OF FEES OR COSTS (ECF NO. 2);
(2) SUMMARILY DISMISSING THE COMPLAINT PURSUANT TO
28 U.S.C. § 1915(e)(2) (ECF NO. 1);
(3) DENYING PLAINTIFF'S REQUEST FOR SERVICE
BY U.S. MARSHAL AS MOOT (ECF No. 3); AND
(4) CERTIFYING PURSUANT TO 28 U.S.C. § 1915(a)(3) THAT NO APPEAL MAY
BE TAKEN *IN FORMA PAUPERIS*

Now before the Court is Plaintiff Paulleto Rogers' Complaint and Application to Proceed in District Court without Prepayment of Fees or Costs. (ECF Nos. 1, 2.) The Court notes that Plaintiff has filed at least ten actions in this district that have been summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2) as frivolous or for failure to state a claim upon which relief could be granted. *See* Case Nos. 02-74929, 06-11114, 14-13163, 14-13164, 14-13191, 15-10890, 15-10891, 15-13942, 15-13944, 16-10527. Currently, Plaintiff has four other actions that remain pending in this district. *See* Case Nos. 15-13940 16-10532, 16-10530, 16-10535. Finally, the Court notes that Plaintiff has also at least two appeals from bankruptcy court actions, one of which was heard and dismissed by this Court. *See In re Rogers*, Case No. 14-13769 (ECF No. 16, June 18, 2015, Opinion and Order Denying Appeal) (Borman, J.); *see also In re Boyd*, Case No. 12-10723 (Tarnow, J.).

For the reasons set forth below, the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs but will dismiss the Complaint, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief can be granted and is frivolous.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor."  In the instant action, Plaintiff has supplied an affidavit which provides that he is not employed, receives no income, and has no savings or checking account.  Plaintiff also states has debts totaling $65,000.  (ECF No. 2.) Based on this information the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs.

The Court, however, is required under 28 U.S.C. § 1915 to dismiss a complaint filed without prepayment of fees that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2). ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of the section.  The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).  A court must dismiss an action as frivolous when "it lacks an arguable basis either in law or in fact."  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"Under § 1915(e), courts may dismiss a complaint not only when it is 'based on an indisputably meritless legal theory' but also when the 'factual contentions [on which it relies] are clearly baseless.'" *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (quoting *Neitzke*, 490 U.S. at 327).

A Court must also dismiss an action when it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To determine whether an action states a claim on which relief may be granted under § 1915(e)(2)(B)(ii), this Court must apply the dismissal standard as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Accordingly, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). To this end, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555 (internal citations omitted).

A *pro se* litigant's complaint must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, a plaintiff must provide more than just bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.

1988)).

       In his Complaint, Plaintiff provides the following statement of his claim:

> On April 4, 2011 background facts this action arises out updated notice bankruptcy Petitioner prohibited preparers.  Under sections 110(h)(1) Section 110(BC) 11 USC and 105 presumptive; supersede (this) administrative order enter collectively by in as much: Judge's Rhodes, Shefferly, McIvor, Shapero Tucker.  By the order of Sanactions.  Court $3,000 UST $3,000; Rhodes $10,000 Barred until 4/1/17; dischargeable.

(Compl., at 1-2 (errors in original).)  Plaintiff also provides the following request for relief:

> Promulgate rules under Section 2075 of Title 28 and or Judicial Conference of U.S., grant JS44 and application to proceed in DC without prepaying fees or cost's enter court order judgment equitable just and fair, more over pursuant to debtor's in Title II Chapter 7; 727(D) striking and setting side aside (JD's Shefferly order; vacating JD's Rhodes order's To wit un-barred(ment); allowing to refile a chapter 7; or 13 under bankruptcy (hardship).

(*Id*., at 2-3 (errors in original).)

       To the extent that this Court can comprehend Plaintiff's allegations, it appears that Plaintiff is seeking to have this Court vacate an order entered by Chief United States Bankruptcy Judge Shefferly that barred Plaintiff from filing any bankruptcy petitions under Chapter 7 until April 1, 2017 pursuant to Section 105(a) of the Bankruptcy Code. (*See* Bankr. Case No. 14-51469, Dkt. No. 33, August 5, 2014 Order.)  The Court notes that it is without any jurisdictional authority to review and disturb a bankruptcy court order absent a litigant's appeal from a bankruptcy court's ruling pursuant to 28 U.S.C. § 158(a).  Plaintiff is abundantly aware of this procedure as Plaintiff filed a notice of appeal from this *exact* Bankruptcy order on August 15, 2014 and that case was assigned to this Court.  *See In re Rogers*, case No. 14-13769.  On June 18, 2015, this Court denied Plaintiff's appeal and affirmed the decisions of the Bankruptcy Court.  *In re Rogers*, case No. 14-13769 (ECF No. 16, Opinion and Order).  On July 6, 2015,

4

Plaintiff appealed that decision to the United States Court of Appeals for the Sixth Circuit. That appeal remains pending. *See Rogers v. McDermott*, Case no. 15-1799.

Given these facts, the Court concludes that Plaintiff has failed to state a claim because his claim is wholly duplicative of his earlier filed appeal from the Bankruptcy Court. Further, Plaintiff has failed to identify, and this Court cannot determine, any freestanding jurisdictional basis upon which this Court could grant the relief Plaintiff seeks – the vacatur of a Bankruptcy Court order.

Further, even if this Court were to construe the present action as a second appeal from the pertinent Bankruptcy Court order, Plaintiff's current action is untimely. Plaintiff had fourteen days from the date the order was entered (August 5, 2014) to file a notice of appeal, however, almost two years has passed. FED. R. BANKR. P. 8002(a). "Cases interpreting Rule 8002 hold that the rule shall be strictly construed and that timely filing is a jurisdictional requirement." *In re Linder*, 215 B.R. 826, 831-32 (B.A.P. 6th Cir. 1998) (citation omitted). Thus, to the extent Plaintiff's complaint could be construed as a second appeal from the Bankruptcy Court, such a claim is frivolous as a matter of law because this Court lacks jurisdiction over the untimely appeal. *See Rogers v. UST/Bankruptcy ADM*, Case No. 14-13164 (ECF No. 5, Summary Dismissal of Plaintiff Rogers' earlier action for this precise reason).

For all these reasons, the Court GRANTS Plaintiff's Application to Proceed without Prepayment of Fees or Costs (ECF No. 2) and summarily DISMISSES Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and for failing to state a claim (ECF No. 1). Further, the Court DENIES AS MOOT Plaintiff's Request for Service by the U.S. Marshal (ECF No. 3). The Court also CERTIFIES that any appeal from this decision would be frivolous and

not taken in good faith.  Therefore, an appeal may not be taken from this decision *in forma pauperis* under 28 U.S.C. § 1915(a)(3).

      IT IS SO ORDERED.

                                    s/Paul D. Borman
                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 30, 2016.

                                    s/Deborah Tofil
                                    Case Manager